# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION


Brian Lopez-Alvares,

                           Petitioner,        Case No. 26-10662

v.                                     Judith E. Levy
                                     United States District Judge

Kevin Raycraft, Immigration and
Customs Enforcement, Detroit        Mag. Judge Anthony P. Patti
Field Office, Field Office Director of
Enforcement and Removal
Operations, *et al.*

                         Respondents.

_____/

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS [1], DENYING IN PART RESPONDENTS' MOTION TO VACATE [6], DISMISSING RESPONDENT SECRETARY OF UNITED STATES DEPARTMENT OF HOMELAND SECURITY, ORDERING RESPONDENT TO PROVIDE PETITIONER WITH A BOND HEARING OR OTHERWISE RELEASE HIM, AND <u>ORDERING RESPONDENT TO PROVIDE A STATUS REPORT</u>**

Before the Court is Brian Lopez-Alvares' petition for a writ of

habeas corpus (ECF No. 1) and Respondents' motion to vacate the Court's

order staying Petitioner's transfer, removal, or deportation. (ECF No. 6.)

Petitioner states that he is being detained without a bond hearing in

violation of the Immigration and Nationality Act ("INA") and that his

detention without a bond hearing violates the Administrative Procedure Act and his right to due process.

For the reasons set forth below, Petitioner's habeas petition is granted and Respondents' motion to vacate is granted in part and denied in part.

## I. Background

Petitioner is a 24-year-old Mexican citizen who resided in Detroit, Michigan and was arrested by United States Immigration and Customs Enforcement ("ICE") agents on January 31, 2026. (ECF No. 1, PageID.1–2; ECF No. 1-1, PageID.21.) Petitioner represents that he lived in the United States for around two years before being detained. (ECF No. 1, PageID.11.) He was ultimately incarcerated at the St. Clair County Correctional Facility in Port Huron, Michigan. (ECF No. 1, PageID.2.)

On January 31, 2026, the Department of Homeland Security ("DHS") initiated immigration removal proceedings against Petitioner pursuant to 8 U.S.C. § 1229a in Detroit Immigration Court. (ECF No. 1-1, PageID.21.) Petitioner was charged under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. (*Id.*) The Notice to Appear states that Petitioner is subject to removal pursuant to:

2

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

(ECF No. 1-1, PageID.24.)

Respondents believe that Petitioner is subject to mandatory detention, i.e., detention without a bond hearing, under 8 U.S.C. § 1225(b)(2). (ECF No. 5, PageID.44.)

## II.   Legal Standard

The Court may issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 2443, the Court, when evaluating an application for a writ of habeas corpus, "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto."

3

### III.   Analysis

#### A. The Proper Respondents

Petitioner has named as Respondents ICE Field Office Director Kevin Raycraft and the Secretary of DHS in his official capacity.[1] (ECF No. 1, PageID.1.)

Respondents argue that the only proper respondent in this case is Kevin Raycraft or the warden of the St. Clair County Jail. (ECF No. 5, PageID.43–44.) Petitioner does not address this argument in his reply. (ECF No. 8.)

"A district court shall direct a writ of habeas corpus 'to the person having custody of the person detained.'" 28 U.S.C. § 2243. In *Roman v. Ashcroft*, the Sixth Circuit explained that, generally, the proper respondent to a habeas petition is "the individual having day-to-day control over the facility in which [the alien] is being detained." *Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2003) (quoting *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000)). Thus, in immigration habeas cases, "a

---

[1] At the time the petition was filed, the Secretary of DHS was Kristi Noem. As of March 24, 2026, the Secretary of DHS is Markwayne Mullin. Petitioner brings suit against the Secretary of DHS in their official, not individual, capacity. Thus, Secretary Mullin is automatically substituted as Respondent. *See* Fed. R. Civ. P. 25(d).

detained alien generally must designate his immediate custodian—the INS District Director for the district where he is being detained—as the respondent to his habeas corpus petition." *Id.* at 322.

As such, the Court will dismiss Secretary Mullin as a Respondent.

### B. Administrative Exhaustion

Petitioner argues that the Court should waive any administrative exhaustion requirement. (ECF No. 1, PageID.3–4.) Respondents do not address administrative exhaustion. (*See* ECF No. 5.)

There is no statute that requires Petitioner to administratively exhaust his claims. As such, "the decision to require exhaustion is within the sound discretion of the court." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992); *see also Shearson v. Holder*, 725 F.3d 588, 593 (6th Cir. 2013).

For the reasons set forth in the Court's prior opinion, *Mauricio Diego v. Raycraft*, No. 25-13288, 2025 WL 3159106, at *2–4 (E.D. Mich. Nov. 12, 2025), the Court waives Petitioner's exhaustion requirements.

### C. Petitioner's detention pursuant to the INA (Count I)

Respondents state that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2), which mandates detention. *See* 8 U.S.C. § 1225(b)(2)(A) (stating that "the alien **shall** be detained" (emphasis added)); (ECF No.

5, PageID.44.) Petitioner argues that § 1225(b)(2) does not apply to him, and that his detention is actually governed by 8 U.S.C. § 1226(a), which permits detention "only after an individualized assessment of danger or flight risk, subject to bond." (ECF No. 1, PageID.15.)[2]

Numerous district courts within the Sixth Circuit and throughout the country have held that § 1226(a), not § 1225(b)(2), is the appropriate statute applicable to "noncitizens who are already in the country and facing removal." *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 780 (E.D. Mich. 2025). These courts reasoned that § 1226(a) governs these petitioners' detention after "reviewing the statutory text, statutory history, congressional intent, and statutory application for the last three decades." *Mauricio Diego*, 2025 WL 3159106, at *4 (collecting cases) (quoting *Jimenez Garcia v. Raybon*, No. 2:25-CV-13086, 2025 WL 2976950, at *4 (E.D. Mich. Oct. 21, 2025) (DeClerq, J.)).

The Court agrees with the reasoning set forth in these opinions and finds that Petitioner, who has been in the United States for a significant

---

[2] The Court notes that noncitizens charged under 8 U.S.C. § 1182(a)(7)(A)(i) may be subject to mandatory detention if they are placed in expedited removal proceedings. However, it is undisputed that Petitioner is not in an expedited removal proceeding. (*See* ECF No. 5, PageID.49.)

amount of time and did not attempt to gain lawful entry until he was apprehended and detained.[3] *See Lopez-Campos*, 797 F. Supp. 3d at 781. In short, § 1225(b)(2)(A) "applies to aliens undergoing inspection, which generally occurs at the United States' border, when they are seeking lawful entry into the United States" and is not applicable to Petitioner. *Jimenez Garcia*, 2025 WL 2976950, at *4 (quoting *Sanchez Alvarez v. Noem*, No. 1:25-CV-1090, 2025 WL 2942648, at *5 (W.D. Mich. Oct. 17, 2025)).[4]

Thus, Petitioner is entitled to a bond hearing pursuant to § 1226(a). Because Petitioner is detained without receiving a bond hearing, he is in custody in violation of federal law.

---

[3] Petitioner represents that he entered the United States with parole and cites to his Exhibit 1. (ECF No. 1, PageID.1.) However, Petitioner's Exhibit 1 includes the Notice to Appear issued by DHS, which states that he "entered the United States at an unknown time and location" and "has not been admitted or paroled." (ECF No. 1-1, PageID.21.) The Court's analysis is the same regardless of Petitioner's parole status. *See Cabrera v. Olson*, No. 4:26-CV-28-RGJ, 2026 WL 579649, at *11 (W.D. Ky. Mar. 2, 2026) (determining that the petitioner was unlawfully held without parole in violation of § 1226 despite her parole status being unknown). The Court also notes that Petitioner's application for asylum appears to have been filed after his detention, not before. (ECF No. 5-3, PageID.69.)

[4] The Court recognizes that two circuit courts have issued opinions addressing this issue. *See Buenrostro-Mendez v. Bondi*, __ F.4th __, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026); *Avila v. Bondi*, __ F.4th __, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026). The Court respectfully declines to follow the reasoning of these opinions, which are not binding on this Court.

### D. Administrative Procedure Act (Count II) and Fifth Amendment Due Process (Count III)

The Court declines to address Petitioner's Administrative Procedure Act and Fifth Amendment due process claims at this time because Petitioner's requested relief is granted on the basis of Count I (violation of the INA). *See Mauricio Diego*, 2025 WL 3159106, at *5. If Respondent Raycraft does not release Petitioner or provide him with a bond determination hearing by April 14, 2026, Petitioner may renew his other claims.

### E. Respondents' motion to vacate (ECF No. 6)

Respondents also filed a motion to vacate the Court's order staying Petitioner's removal or transfer. (ECF Nos. 2, 6.)

Regarding Respondents' motion to vacate the Court's order staying Petitioner's removal, the motion is granted. Respondents are correct that there is no basis in the record for the Court to stay his removal.

Regarding Respondents' motion to vacate the Court's order preventing Petitioner's transfer, the motion is denied. In the event that "events arise requiring his transfer, such as a dangerous condition at his current facility, the need for medical care, the need for court appearance, or any of a number of other reasons," (ECF No. 6, PageID.82),

8

Respondents may submit a motion to vacate the Court's order staying his transfer.

### IV.   Conclusion

For the reasons set forth above,

Respondents' motion to vacate the Court's order (ECF No. 6) is GRANTED IN PART AND DENIED IN PART;

Respondent Secretary of the Department of Homeland Security Markwayne Mullin is DISMISSED;

Petitioner Brian Lopez-Alvares' Petition (ECF No. 1) is GRANTED;

Respondent Raycraft is ORDERED to provide Petitioner with a bond hearing pursuant to § 1226(a) on or before **April 14, 2026** or otherwise release him by that same date; and

Respondent Raycraft is ORDERED to file a status report on or before **April 15, 2026**, certifying that (1) he has complied with this order and that (2) Petitioner was provided a bond hearing on or before **April 14, 2026** or otherwise released. Respondent's status report must include the result of the bond hearing, if held.

IT IS SO ORDERED.

9

Dated: April 7, 2026          s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 7, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

10